UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS KELLY,**<br><br>          Plaintiff,<br><br>vs.<br><br>**VALEO NORTH AMERICA, INC.,**<br><br>          Defendant. | **2:24-CV-11066-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT (ECF NO. 5)** |

In this case, Plaintiff Thomas Kelly asserts claims against his former employer, Defendant Valeo North America, Inc., for monetary and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for wrongful denial of benefits, breach of fiduciary duty, failure to provide requested Plan materials, breach of contract, and declaratory relief. Now before the Court is Defendant Valeo's Motion to Dismiss Portions of Plaintiff's Complaint. ECF No. 5. The motion has been fully briefed. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, Defendant's motion will be **GRANTED IN PART** and **DENIED IN PART**.

1

# I.    BACKGROUND

## A. Factual Background

In its disordered chronology and use of undefined terms, Plaintiff Thomas Kelly's Complaint is somewhat unclear and difficult to follow. However, attempting to follow the allegations in that Complaint, which the Court must accept as true on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and reading them in conjunction with Defendant's motion to dismiss, the Court understands the pertinent facts as follows. Kelly was employed at Siemens from 1985 to 1993, with Valeo North America, Inc. ("Valeo") from 1997 through March 1998, and with Valeo Sylvania LLC from April 1998 through July 15, 2012. Complaint ("Compl.") ¶ 14, ECF No. 1. Valeo and Osram Sylvania formed a joint venture in 1998 known as Valeo Sylvania LLC and Siemens owns Osram Sylvania. *Id.* ¶¶ 15–16.

On June 30, 2011, Valeo Sylvania LLC froze its defined pension plan and replaced it with a defined contribution plan applicable to all Valeo Sylvania LLC employees. *Id.* ¶ 18.[1] Osram Sylvania managed all aspects of Valeo's pension plan until 2014, when Valeo purchased the remainder of the joint venture from Osram Sylvania and took over management of the pension plan (hereinafter "the Plan"). *Id.* ¶¶ 17, 19.

---

[1] According to Valeo's Answer, the pension plan was known as the Valeo Sylvania, L.L.C. Pension Plan for Salaried Workers, and it is currently known as the Valeo Lighting Salaried Pension Plan ("the Plan"). *See* Answer ¶ 18, ECF No. 4.

Kelly asserts that Valeo had previously told him that his years of service since his employment with Siemens starting in 1985 carried over through his continued employment with Valeo Sylvania LLC, which ended when Kelly left the company in 2012. *Id.* ¶¶ 19–21. When Kelly subsequently learned that Valeo was not honoring his credited service date, he appealed that determination. *Id.* ¶¶ 22–23. Valeo's Appeals Committee rendered a partially-favorable decision in 2018, and informed Kelly in a letter dated January 4, 2019 that Kelly's "benefit service" was 14.1 years, and his "accredited service" was 23.1 years. *Id.* ¶ 24; *see also* 1/4/2019 Letter, ECF No. 5-2. That letter further informed Kelly that he is "not entitled to Early Retirement Service Pension because [he] terminated [his] employment with Valeo prior to reaching age 55." ECF No. 5-2, PageID.154.

Kelly asserts that Valeo had previously agreed that Kelly's "accredited service" was to be used to determine pension eligibility and vesting service for his pension plan, but that Valeo was not honoring that agreement. Compl. ¶¶ 29, 31. Kelly states that, according to the 2011 Plan Document and the 2013 Summary Plan Description, "with 20 years of accredited service," he qualified for 100% pension eligibility at age 58, and that he turned 58 on July 26, 2019. *Id.* ¶¶ 32–34. Kelly states he further qualified for early retirement because he participated in a 409a program (a type of retirement savings plan governed by 26 U.S.C. §409a)

with Valeo Sylvania from 2000 to 2006 in which he deferred 50% of his salary. *Id.* ¶¶ 49–51.

Valeo, however, determined now that Kelly had to be actually employed at age 55 to be eligible for early retirement, and thus he was only eligible for 100% pension payout at age 65, because Kelly left Valeo at age 51, not 55. *Id.* ¶¶ 36, 54. In addition, contrary to the terms of the 2011 Plan Document and 2013 Summary Plan Description, Valeo used Kelly's "benefit service" of 14.1 years, instead of his 23.1 years of "accredited service," to calculate his monthly pension amount, and used an "Actuarial Early Deferred Vested Reduction Factors" table to determine that Kelly was only eligible for 56.7% of his pension at age 58. *Id.* ¶¶ 37–39. The 2011 Plan Documents filed with the Internal Revenue Service ("IRS") only refer to, but do not include, a "Table 1 – Early Commencement Factors," and the "Actuarial Early Deferred Vested Reduction Factors" table was not included in the Plan documents either. *Id.* ¶¶42–44, 47.

Kelly applied for early retirement on April 17, 2019, which was "at least 90 days prior to [his] elected pension date" of July 26, 2019, when Kelly turned 58 years old . *Id.* ¶¶ 55, 74–76. Valeo rejected Kelly's application on May 1, 2019. *Id.* ¶¶ 56, 77. On May 16, 2019, Kelly requested from Valeo a copy of "all Pension Plan documents in its possession from 2011 through 2019 (current as of today)." *Id.* ¶ 58. In response, Valeo emailed Kelly only the 2013 Summary Plan Description

4

on June 5, 2019, but did not include the 2011 Plan Document. *Id.* ¶¶ 59–60. According to the Complaint, the Summary Plan Description did not include a requirement that Kelly be actually employed at Valeo at age 55 to elect early retirement, and provided that, per the Plan's definition, Kelly is fully vested. *Id.* ¶¶ 61–62, 69 (the Summary Plan Description states "If you stop working at a younger age, you may retire from the Company on the first of any month on or after the date you reach age 55 and complete at least 15 years of accredited service.").

Kelly asserts that Valeo continues to deny him his eligibility for early retirement and continues to deny him his full pension despite attaining age 58 on July 26, 2019. *Id.* ¶ 87. Instead, Valeo offered Kelly a Deferred Vested Pension under which he would to be entitled to a Pension Preservation Plan payment of $6,612.13, based on a payment of $59.50 per month,[2] to be paid on November 1, 2023. *Id.* ¶ 88. Kelly asserts that the Pension Preservation Plan payment was inaccurately based on 14.1 "benefit service" years instead of 23.1 "accredited service" years, and also inaccurately assumed Kelly was married, and he was not. *Id.* ¶¶ 90–92; *see id* ¶ 94 ("There were no details substantiating the $59.50 amount."). Kelly asserts that the proper Pension Preservation Plan

---

[2] The Court notes that Plaintiff's Complaint does not explain what this "Pension Preservation Plan" payment is or how it relates to his claimed pension benefit payment.

payment amount should have been $250.83 per month, not $59.50. *Id.* ¶ 93.

Kelly claims he has suffered losses because of Valeo's actions in continuing to use 14.1 "benefit service" years as a benchmark for calculating his Pension Preservation Plan payment and his full pension benefits, and in not recognizing his eligibility for early retirement at age 58. He asserts that these losses total as much as $77,112.65 per year in unpaid pension funds, going back to July 26, 2019, totaling $436,457.60 in unpaid pension funds owed to him. *Id.* ¶¶ 96–97. Kelly asserts that "only an award of money damages plus an equitable declaration of [his] contractual rights and [Valeo's] contractual obligations will make [him] whole." *Id.*¶ 102.

**B. Procedural History**

On April 23, 2024, Kelly brought this lawsuit against Valeo asserting three claims: (1) Count I - Violations of ERISA, 29 U.S.C. §§ 1132(a)(1)(b), 1132(a)(3), and 1132(c); Count II – Breach of Contract Anticipatory Repudiation; and (3) Count III – Declaratory Judgment. ECF No. 1.

Valeo filed an Answer to Plaintiff's Complaint, ECF No. 4, and a Motion to Dismiss Portions of Plaintiff's Complaint. ECF No. 5. Valeo argues in its motion to dismiss that Kelly's state law claims in Counts II and III are preempted by ERISA, and/or are duplicative of his claims under ERISA, and should be dismissed. Valeo further argues that Count

I of Plaintiff's Complaint, to the extent it asserts a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3), should be dismissed as time-barred, or, alternatively, because it is duplicative of his claim for benefits under ERISA. Valeo asserts that all that would remain is Kelly's claim for benefits under 29 U.S.C. § 1132(a)(1)(B), which would be subject to review under the arbitrary and capricious standard. Valeo provides a proposed briefing schedule once the administrative record is produced.

Kelly filed a Response to Valeo's motion to dismiss. ECF No. 8. Kelly first complains that Valeo failed to seek concurrence before filing its motion, as required by E.D. Mich. L.R. 7.1, and thus the Court could strike Valeo's motion for that reason. Kelly stipulates to dismiss Count II of his Complaint. He then argues that he has properly pled ERISA claims under Sections 1132(a)(1)(B), 1132(a)(3), 1132(c) and 1104(a), and that his properly pleaded claims are not time-barred. Kelly further argues that he has properly stated a claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, in Count III of his Complaint. Finally, Kelly contends that this case should proceed under a traditional scheduling order, including fact discovery.

Valeo filed a reply brief in support of its motion. ECF No. 9. Valeo apologizes for not seeking concurrence before filing its motion but contends that the "spirit" of the Local Rule has been met. Valeo then argues that Kelly has not properly responded to its arguments that his breach of fiduciary relationship and declaratory judgment claims should

be dismissed because they seek duplicative relief of Kelly's claim under Section 1132(a)(1)(B), and that Kelly's breach of fiduciary duty claim is time-barred, and thus Kelly's only remaining claim in this case is under 29 U.S.C. § 1132(a)(1)(B).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id.* at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her

8

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56; *see also Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829–30 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to

dismiss form part of the pleadings…. [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (Gadola, J.). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## III.   DISCUSSION

### A. Concurrence

Kelly first objects to and moves to strike Valeo's motion to dismiss because Valeo's counsel did not seek concurrence or attempt to confer with Kelly's counsel, in violation of E.D. Mich. Local Rule 7.1(a). That local rule states that "the movant must ascertain before filing [a motion] whether the contemplated motion … will be opposed" by "confer[ring] with the other parties and other persons entitled to be heard on the motion[.]". Rule 7.1(a)(2) further provides that "[i]f concurrence is not obtained, the motion or request must state," among other bases, that there was an attempt to initiate a conference but that the parties were not able to obtain concurrence. E.D. Mich. L.R. 7.1(a)(2)(A). And Rule

7.1(a)(3) also states that "[t]he court may impose sanctions for … violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing."

Here, the record does not establish that Valeo's counsel tried to initiate a conference or seek concurrence with Kelly's counsel prior to filing the instant motion. As such, Kelly moves to strike Valeo's motion to dismiss. Valeo's counsel says that he has been in touch with Kelly's counsel, has discussed the case, and that the spirit of the Rule has thus been honored. In the interest of justice, the request to strike this motion will be denied. The Court does however admonish Valeo's counsel for their failure to comply with Local Rule 7.1(a). There is a reason for the rule: it fosters communication between counsel and heads off unnecessary motions practice by requiring the lawyers to talk about what they are planning to file to invoke the Court's power against the other side. Valeo's counsel is directed to review the relevant Local Rules and this Court's Practice Guidelines located on the Court's website, and strictly comply with those Rules and Guidelines, in the future.

### B. Documents Attached to Defendant's Motion and Plaintiff's Response

Kelly argues that because Valeo attached exhibits to its motion to dismiss, that motion should be converted to a motion for summary judgment and the parties should be allowed to engage in discovery before the Court decides the instant motion. Kelly alternatively requests that

the exhibits be disregarded. Valeo responds that the documents attached to its motion to dismiss are the documents Kelly refers to in his Complaint and that are central to Kelly's claims, and thus they are properly considered part of the pleadings.

The Court agrees with Valeo. The four documents attached to Valeo's motion to dismiss—(1) Valeo Lighting Salaried Pension Plan; (2) January 4, 2019 Letter to Kelly; (3) 2013 Summary Plan Description; and (4) Actuarial Early Deferred Vest Reduction Factors table—are specifically referred to in the Complaint and are central to Kelly's ERISA claims. The Court therefore may properly consider these exhibits on Valeo's motion to dismiss. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 555 (6th Cir. 2012) (affirming district court's decision to consider letters attached to defendant's motion to dismiss plaintiff's ERISA breach-of-fiduciary-duty claim in ruling on that motion where letters were referenced in complaint and central to plaintiff's claim); *Mathews v. ALC Partner, Inc.*, No. 08-cv-10636, 2009 WL 3837249, at *3 (E.D. Mich. Nov. 16, 2009) (Murphy, J.) (reference to an ERISA "plan" in the complaint "is sufficient reference to the plan documents," if attached in the defendant's motion to dismiss for the court to consider the plan when ruling on the motion to dismiss) (citing *Weiner*, 108 F.3d at 89); *see also Fisk v. Cigna Grp. Ins.*, Civil Action No. 10-273, 2011 WL 4625491, at *2 (E.D. Ky. Oct. 3, 2011) (considering ERISA benefit plan documents attached to defendant's Rule 12(b)(6) motion in ruling on that motion where

plaintiff's claims were based on rights under the plans, the documents were referenced in the complaint, and plaintiff stated that he did not object to court's consideration of the documents).

But this rule does not permit any-and-all extraneous matters to be filed or considered on a motion to dismiss. For example, Kelly seeks to support his response to Valeo's motion to dismiss with his own declaration. ECF No. 8-1. Unlike the exhibits attached to the motion to dismiss, Kelly's declaration was not referred to in his Complaint and it is not properly considered on a motion to dismiss. *See Brown v. RCO Eng'g Inc.*, No. 23-11371, 2024 WL 1019258, at *2 (E.D. Mich. Mar. 8, 2024) (Edmunds, J.) (refusing to consider plaintiff's declaration on a motion to dismiss); *Galaxy Foods LLC v. Aryz Trading LLC*, No 23-11476, 2023 WL 8025818, at *4 (E.D. Mich. Nov. 20, 2023) (Borman, J.) (refusing to consider declaration attached to response opposing defendant's motion for judgment on the pleadings).

Kelly's declaration cannot be considered for the additional reason that "a plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss." *Becton v. Corrs. Corp. of Am.*, No. 3:16-2282, 2017 WL 1461632, at *2 (M.D. Tenn. Mar. 28, 2017), *report and recommendation adopted by* 2017 WL 1450604 (M.D. Tenn. Apr. 24, 2017); *see also Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *8 (E.D. Mich. Oct. 29, 2014) (Grand, M.J.) ("[I]t is axiomatic that a plaintiff may not amend his complaint

through allegations made in a response to a motion to dismiss.") (citing *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) (Lawson, J.)), *report and recommendation adopted by* 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015) (Tarnow, J.). This means that a plaintiff "may not attempt to amend [its] complaint through a response to a motion to dismiss, and affidavits attached to briefs may not properly be considered at the motion to dismiss stage." *Cole v. Mauldin*, No. 14-11325, 2015 WL 806908, at *6 (E.D. Mich. Feb. 26, 2015) (Edmunds, J.) (citing *Jocham*, 239 F. Supp. 2d at 731); *see also Rudd v. City of Norton Shores*, No. 18-CV-124, 2018 WL 3751399, at *4 (W.D. Mich. Aug. 8, 2018) (refusing to consider an affidavit filed in support of a Rule 12(b)(6) motion despite movant's argument that "a court may consider an affidavit that merely 'clarifies' facts alleged in a complaint" because doing so "would obliterate the distinction between a Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment."), *aff'd in part, rev'd in part and remanded on other grounds*, 977 F.3d 503 (6th Cir. 2020).

Accordingly, the Court will not consider Kelly's Declaration attached to his response to Valeo's motion to dismiss.

## C. Count II Breach of Contract Anticipatory Repudiation Claim is Dismissed

Kelly has stipulated to dismissing Count II of his Complaint alleging a state law breach of contract anticipatory repudiation claim. Accordingly, this claim will be **DISMISSED**.

### D. Count I – ERISA Violations

In Count I of his Complaint, Kelly appears to be asserting claims for a denial of Plan benefits under 29 U.S.C. § 1132(a)(1)(B) and for an equitable claim for breach of fiduciary duty under § 1104, as enforced by § 1132(a)(3).[3] He also seeks statutory penalties under Section 1132(c) for Valeo's alleged failure to produce the requested Plan documents. Valeo moves to dismiss Kellys' claim under 29 U.S.C. § 1332(a)(3).

Section 1132 of ERISA contains the statute's civil enforcement provisions, with § 1132(a) providing in relevant part that "[a] civil action may be brought ... by a participant or beneficiary" to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[,]" 29 U.S.C. § 1132(a)(1)(b). Section 1132(a)(3) further provides for a civil action by "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to

---

[3] Section 1104 of Title 29 of the United States Code sets forth the fiduciary duties owed under ERISA. It is not self-enforcing but may be enforced in a civil action by participants and beneficiaries through § 1132(a)(3). *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (parties seeking to enforce § 1104 "must rely on [§ 1132(a)(3)]"); *see also Horvath v. Keystone Health Plan E, Inc.*, 333 F.3d 450, 455 (3d Cir. 2003) (participants and beneficiaries may "seek[] to utilize the enforcement provisions contained in § 502(a)(3), 29 U.S.C. § 1132(a)(3), in order to remedy an alleged violation of the fiduciary duties imposed by § 1104, 29 U.S.C. § 1104").

redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" *Id.* § 1132(a)(3). Section 1132(a)(3) has been deemed a "catchall" provision, which "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1332] does not elsewhere adequately remedy." *Davis v. Hartford Life & Accident Ins. Co.*, 980 F.3d 541, 550 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Varity Corp.*, 516 U.S. at 512). As such, "the availability of relief under § 1132(a)(3) is narrow," and a claimant may pursue a § 1132(a)(3) claim "'only where the [equitable] claim is based on an injury separate and distinct from the denial of benefits or where the remedy offered by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate.'" *Id.* (quoting *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015)); *see also Donati v. Ford Motor Co.*, 821 F.3d 667, 673 (6th Cir. 2016) ("Since *Varity*, this court has repeatedly held that beneficiaries can bring a claim under § 1132(a)(3) only if they 'may not avail themselves of § 1132's other remedies.'") (citations omitted).

Valeo moves to dismiss Kelly's claim in Count I for breach of fiduciary duty under § 1132(a)(3) because Kelly's claim is time-barred and because it is based on the same injury and relief as his claim for denial of benefits under § 1132(a)(1)(B), and thus it is an impermissible "repackaging" of his wrongful denial of benefits claim. Because the Court agrees that Kellys' § 1132(a)(3) claim is a "repackaged" denial-of-benefits

claim, it will be dismissed, and the Court need not address the statute of limitations issue.

In his Complaint, Kelly alleges that Valeo "breached its fiduciary duties to [him] … by failing and refusing to recognize its previous finding and use of 23.1 years of 'accredited service' *as the basis for [Kelly's] pension benefits*, (b) by failing to provide [Kelly] with the 'Table 1" [Valeo] purportedly relies upon to deem [Kelly's] 'benefits service' years *as the basis upon which to determine pension benefits*, and (c) by related acts and omissions." Compl. ¶ 114 (emphases added). Ultimately, the only injury Kelly claims to have suffered under § 1132(a)(3) is a loss of benefits because Valeo is using his 14.1 years of "benefits service" as the basis for his retirement determination—an injury that § 1132(a)(1)(B) is designed to address, and the injury he in fact seeks to recover under his § 1132(a)(1)(B) denial-of-benefits claim. Kelly is seeking the same relief under both claims—his alleged benefits under the Plan. The only difference between Kelly's claim for benefits and his claim for breach of fiduciary duty is in the type of wrongdoing alleged to cause the denial of benefits. The Supreme Court has "emphasized that ERISA remedies are concerned with the adequacy of relief to redress the claimant's injury, not the nature of the defendant's wrongdoing." *Rochow*, 780 F.3d at 371 (citing *Varity*). Courts therefore will dismiss breach of fiduciary duty claims unless that claim is "based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under

§ 502(a)(1)(B) is otherwise shown to be inadequate." *Id.* (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840–42 (6th Cir. 2007)); *see also Davis*, 980 F.3d at 550–51 (holding that "Davis fails to show that his fiduciary duty claim [based on a number of allegations, including defendant's claims processing decisions] is based on an injury distinct from his contract claim" or that his claim for disgorgement of accumulated earnings is for an injury distinct from the termination of his benefits); *Donati*, 821 F.3d at 673–74 (dismissing breach of fiduciary duty claim where "[t]he only difference between her two claims is the nature of the alleged wrongdoing—misrepresenting the cash-out value of her benefits, as opposed to wrongfully denying her benefits."); *Fenwick v. Hartford Life & Accident Ins. Co.*, 841 F. App'x 847, 859 (6th Cir. 2021) (dismissing breach of fiduciary duty claims because "the alleged injuries from each of her equitable claims would be remedies identical to her main ERISA claim: by recovering the benefits."); *Strang v. Ford Motor Co. Gen. Ret. Plan*, 693 F. App'x 400, 405 (6th Cir. 2017) ("[W]here an avenue of relief for the injury was available under § 1132(a)(1)(B) … a breach-of-fiduciary-duty claim cannot be brought."). Kelly does not even address this well-settled case law in his response brief, much less explain why it does not bar his breach of fiduciary duty claim here.

Because Kelly seeks the same relief under both § 1132(a)(1)(B) and § 1132(a)(3), and his claim for lost benefits under § 1132(a)(1)(B) provides adequate relief for his only alleged injury, Kelly's claim for breach of

18

fiduciary duty under § 1132(a)(3) fails as a matter of law and will be **DISMISSED**.

Kelly has also asserted a claim under § 1132(c) in Count I of his Complaint. ERISA provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4) (footnote omitted). 29 U.S.C. § 1132(a)(1)(A) provides that "[a] civil action may be brought … by a participant or beneficiary … for the relief provided for in subsection (c) of this section," and § 1332(c) provides in relevant part that "[a]ny administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $[110] a day from the date of such failure or refusal." Here Kelly alleges that Valeo failed to produce the documents he requested. Compl. ¶¶ 58–60, 105–06, 109. Valeo does not address this claim in its motion to dismiss, and accordingly this claim remains.

### E. Count III Declaratory Judgment Claim

Kelly asserts a claim for "Declaratory Judgment" in Count III of his Complaint, requesting that the Court "declare his right to be paid his

pension benefits, and his pension preservation benefits payment, using 23.1 years of 'accredited service' as the basis to calculate his pension benefits." Complaint ¶ 132; *see id.* ¶ 3 ("[T]his action seeks a declaratory judgment whereby Plaintiff asks this Court to compel Defendant to honor its obligations both at present and in the future relative to Plaintiff's pension preservation and future pension benefits."). Kelly alleges that "[p]er documents provided by Defendant, the annual amount due to Mr. Kelly [for unpaid pension funds] is $77,112.65 per year from July 26, 2029 through to his death," and that "[i]ssuing such a [declaratory] judgment would settle the controversy." *Id.* ¶ 133; *see id.*¶¶ 96–97 (stating "[t]he losses by Valeo's actions total as much as $77,112.65 per year going back to July 26, 2019," that totals "[t]hrough the end of March 2024 … $436,457.60 in unpaid pension funds owed to Thomas Kelly.").

Valeo argues that this request for declaratory judgment, which is based on allegations that Valeo improperly denied Kelly's claim for benefits under the Plan, should be dismissed whether it is brought under state law or federal law because it "relates to" an ERISA employee benefit plan and is therefore preempted, and because it is duplicative of the civil enforcement remedies exclusive to ERISA.

Kelly responds that he properly stated a claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. He asserts that this claim "certainly involve[s] a connection with Valeo's plan and a matter of federal concern," which he contends "is sufficient to

trigger jurisdiction under § 1331." ECF No. 8, PageID.204. He argues that his "Declaratory Judgment" claim in Count III should survive Valeo's 12(b)(6) motion.

First, the Court notes that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). This is because a declaratory judgment is a remedy, not an independent claim. *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) ("Injunctive relief is not a cause of action, it is a remedy") (internal quotation marks and citation omitted); *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) (Lawson, J.) (stating that plaintiff's claims for declaratory relief and preliminary injunction "do not state actual claims for relief, because declaratory and injunctive relief are remedies, not causes of action") (citations omitted). In other words, "a declaratory judgment action is a procedural device used to vindicate substantive rights" and not a jurisdictional statute. *International Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (quoting *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)). Thus, in order to be entitled to declaratory judgment, a plaintiff "must first succeed on a cognizable cause of action." *Hancock v. Miller*, No. 2:19-CV-00060, 2020 WL 1493609, at *22 (M.D. Tenn. Mar. 27, 2020) (quoting *Duncan v. Tenn. Valley Auth. Ret. Sys.*, 123 F. Supp. 3d 972, 982 (M.D.

Tenn. 2015), *aff'd*, 852 F. App'x 914 (6th Cir. 2021)); *see also Days Inn Worldwide, Inc. v. Sai Baba, Inc.*, 300 F. Supp. 2d 583, 592–93 (N.D. Ohio 2004) ("A request for declaratory judgment must accompany the substantive claim for which declaratory judgment is sought.")

Kelly therefore must link his request for declaratory judgment to an underlying substantive claim for relief. He asserts in his Response brief that ERISA provides that underlying substantive claim. However, courts "dismiss[ ] declaratory judgment [claims] as redundant when the [declaratory judgment claim] would be rendered moot by the adjudication of corresponding claims in the complaint." *Hardiman v. McKeen*, No. 19-12949, 2020 WL 1821025, at *4 (E.D. Mich. Apr. 10, 2020) (Steeh, J.) (citing *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402 405–06 (6th Cir. 2017)). Courts have characterized § 1132(a)(1)(B) as providing a set of three discrete remedies: "[1] to recover accrued benefits, [2] to obtain a declaratory judgment that [a participant or beneficiary] is entitled to benefits under the provisions of the plan contract, and [3] to enjoin the plan administrator from improperly refusing to pay benefits in the future." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 272 (3d Cir. 2001) ("Under § 502(a), a beneficiary may obtain accrued benefits due, a declaratory judgment about entitlement of benefits, or an injunction to require the administrator to pay benefits."). ERISA does not provide a

cause of action for declaratory judgment apart from that found in § 1132(a)(1)(B).

Kelly here seeks, with respect to his Declaratory Judgment claim, that this Court "declare his right to be paid his pension benefits, and his pension preservation benefits payment, using 23.1 years of 'accredited service' as the basis to calculate his pension benefits." Compl. ¶ 132. Kelly's claim for declaratory judgment therefore is effectively subsumed by his claim for recovery of benefits under Count I of his Complaint. The facts underlying the claim and the recovery sought in the Complaint for declaratory judgment demonstrate that the only declaration Kelly seeks is that he is entitled to benefits under the Plan. That relief is afforded under § 1132(a)(1)(B). Where, as here, Kelly's declaratory judgment claim in Count III and his recovery of benefits claim under 29 U.S.C. § 1132(a)(1)(B) in Count I "are based on identical factual allegations, seek identical factual relief, and are therefore duplicative claims[, the claims] cannot be simultaneously asserted.…" *Boyles v. Am. Heritage Life Ins. Co.*, No. 3:15-cv-274, 2016 WL 4031295, at *11 (W.D. Pa. July 26, 2016) ("Plaintiff's claims for declaratory judgment are therefore effectively subsumed by his claims for recovery of benefits."); *see also Holmes v. FCA US, LLC*, No. 5:20-cv-13335, 2022 WL 2402655, at *8 (E.D. Mich. Mar. 8, 2022) (Patti, M.J.) (holding that plaintiff's request for a declaratory ruling regarding defendant's application of its plan "is only a rephrasing of a wrongful denial claim, and 'ultimately a re-adjudication of the denial

of her claim for benefits'"), *report and recommendation adopted by* 2022 WL 6736294 (E.D. Mich. Oct. 11, 2022) (Drain, J.); *Vasu v. Combi Packaging Sys., LLC*, No. 5:18-cv-1889, 2020 WL 2733756, at *9 (N.D. Ohio May 25, 2020) (dismissing declaratory judgment claim as duplicative of recovery of benefits claim under § 1132(a)(1)(B)). Rather, "[t]his legal relief may be accorded through [Kelly's] recovery of benefits claim under § 1132(a)(1)(B) without [] asserting a separate claim for equitable relief." *Boyles*, 2016 WL 4031295, at *11.

Accordingly, Kelly's claim for declaratory judgment in Count III is **DISMISSED** as redundant of his claim for benefits in Count I.

### F. Valeo's Request for a Truncated Scheduling Order

Valeo contends that, if Kelly's state law and 29 U.S.C. § 1132(a)(3) claims are dismissed, the only claim remaining will be his claim for benefits under 29 U.S.C. § 1132(a)(1), which is subject to an arbitrary-and-capricious standard of review. Valeo then asks the Court to order the production of the administrative record for Kelly's benefit request, followed by an accelerated schedule for cross-briefs, responses, and replies on that claim.

Kelly opposes Valeo's request, arguing that he is entitled to full discovery on his claims, followed by motions for summary judgment, if applicable. He contends that, based on the allegations in his Complaint, it is disputed whether the appeals committee had all applicable documents when it reviewed his case and whether he himself or the IRS

had all the applicable documents, including the tables on which Valeo relies.

Proceedings in this case must be conducted in accordance with the guidelines set forth by the United States Court of Appeals for the Sixth Circuit in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring). *See Kramer v. American Elec. Power Executive Severance Plan*, 128 F.4th 739, 751 (6th Cir. 2025) (confirming that the Sixth Circuit is "abound by *Wilkins*" as "existing precedent"). *Wilkins* states that the discovery phase in an ERISA action will only cover the exchange of the administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to the evidence related to the procedural challenge. *Wilkins*, 150 F.3d at 619. (explaining that a district court must conduct "a de novo review based solely upon the administrative record," and "may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision."). *Wilkins* also holds that summary judgment procedures in Federal Rule of Civil Procedure 56 are "inapposite to ERISA actions and thus should not be utilized in their disposition." *Id.* This Court's ERISA Scheduling Order will set deadlines for the production of the administrative record, for Procedural Challenge Statements, and for cross-motions for judgment.

Accordingly, to the extent Kelly contends that he is entitled to discovery in this case to assert a procedural challenge, he may address that with the Court as provided in the ERISA Scheduling Order to be issued in this case, which provides for "Procedural Challenges."

The Court therefore **DENIES** Defendant's request for a truncated briefing schedule on Plaintiff's § 1132(a)(1)(B) claim only. The Court instead will issue its ERISA Scheduling Order which will govern all proceedings in this case, including any procedural challenges.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Portions of Plaintiff's Complaint, ECF No. 5, is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's breach of contract claim in Count II, and his Declaratory Judgment claim in Count III. Defendant's motion to dismiss Count I is **GRANTED** as to Plaintiff's breach of fiduciary duty claim, which is hereby **DISMISSED**, but the motion is **DENIED** as to the remaining ERISA claims in Count I.

Finally, Defendant's request for a truncated briefing schedule is **DENIED**. The Court instead will issue an ERISA Scheduling Order governing the proceedings in this case going forward.

**IT IS SO ORDERED.**

Dated: March 27, 2025         /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE