UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS KELLY,**<br><br>Plaintiff,<br><br>vs.<br><br>**VALEO NORTH AMERICA, INC.,**<br><br>Defendant. | **2:24-CV-11066-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PLAINTIFF'S PROCEDURAL CHALLENGE<br>(ECF NO. 23)** |

Plaintiff Thomas Kelly brings this suit against his former employer, Defendant Valeo North America, Inc. ("Valeo"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, seeking increased pension benefits. Valeo has agreed that Kelly is entitled to a retirement benefit under the Valeo Lighting Salaried Pension Plan ("the Plan"), but the dispute is over the *amount* of the monthly pension benefit Kelly may receive under the Plan. Valeo asserts that Kelly may receive a Deferred Vested benefit under the Plan, and that the benefit is subject to actuarial deductions because Kelly retired before age 65, while Kelly asserts he is entitled to his full benefit amount as an Early Retirement benefit, without any deductions. Valeo upheld its benefit determination on appeal and Kelly now brings this lawsuit challenging that determination. ECF No. 1. Valeo filed the Administrative Record with the Court on May 12, 2025. ECF No. 21.

1

Now before the Court is Kelly's Procedural Challenge to the Administrative Record and request for limited discovery, ECF No. 23, and Valeo's Response, ECF No. 26. For the reasons stated below, Kelly's Procedural Challenge will be **DENIED**.

## I.     BACKGROUND

Thomas Kelly was employed at Siemens from 1985 to 1993 and with Valeo North America, Inc. ("Valeo") from 1997 through March 1998. Valeo and Osram Sylvania—which is owned by Siemens—formed a joint venture in 1998 known as Valeo Sylvania LLC, and Kelly worked at Valeo Sylvania LLC from April 1998 through his termination on July 15, 2012, at which time he was 51 years old. Complaint ("Compl.") ¶¶ 14–16, ECF No. 1.

Kelly is a participant in Valeo's pension plan, currently known as the Valeo Lighting Salaried Pension Plan ("the Plan"). Answer ¶ 18, ECF No. 4. Kelly disputed Valeo's calculation of his pension benefits prior to his election of benefits and he sent various inquiries to Valeo regarding his pension benefits under the Plan. Kelly contended that his "benefit service" years should be calculated at 14.1 years instead of 13.25, as Valeo had previously calculated, and that his "accredited service" years should be calculated at 23.1 years based on an accredited service date beginning June 15, 1989. ARD 77, 78, ECF Nos. 21-76, 21-77. He also contended that he should be able to receive unreduced Early Retirement benefits under the Plan starting at age 58, effective July 26, 2019. *Id.*

On January 4, 2019, the Valeo Appeals Committee rendered a partially favorable decision regarding Kelly's inquiries. ARD 81, ECF No. 21-80. Valeo agreed with Kelly that his "benefit service" years should be 14.1 years and his "accredited service" years should be 23.1 years. *Id.* However, Valeo explained that because Kelly terminated employment with Valeo in 2012 at age 51, instead of age 55 or older, he was not eligible for the Early Retirement Service Pension under the Plan, and instead qualified for the Plan's Deferred Vested Pension. *Id.* Valeo explained that although Kelly's accredited service years meet the requirements for Early Retirement under the Plan, his age at termination does not because he was not age 55 at the time of his termination with Valeo. *Id.* Valeo further explained that under the Deferred Vested Pension, the "Actuarial Early Deferred Vested Reduction Factors," which detail the pension reduction factors if a person chooses to begin retirement benefits under the Plan prior to age 65, shows that for retirement at age 58, the reduction factor is 56.7%. *Id.*

Kelly states that he then applied for Early Retirement benefits in April 2019. He contends that he met the requirements for Early Retirement and eligibility to receive 100% of his monthly pension starting at age 58. Valeo rejected Kelly's application because he was not actually employed by Valeo at age 55. *See* ARD 86, ECF No. 21-85, PageID.1205–06.

Kelly eventually brought this lawsuit against Valeo on April 23, 2024. ECF No. 1. Following the Court's ruling granting in part and denying in part Valeo's motion to dismiss portions of Kelly's Complaint, Kelly's remaining claims are for denial of benefits under the Plan under 29 U.S.C. § 1132(a)(1)(B), and failure to comply with request for information under 29 U.S.C. § 1332(c). ECF No. 13. The Court entered an ERISA scheduling order, ECF No. 14, and on May 12, 2025, Valeo filed the Administrative Record ("AR"), consisting of over 1000 pages, under seal. ECF No. 21.

On June 12, 2025, Kelly filed a Statement of Procedural Challenge. ECF No. 23. Kelly seeks discovery based on a claim of "perceived bias" by the Administrator in denying his appeal, or a procedural due process violation, contending that the AR was incomplete, that it failed to include documents he contends should be included, and that it contained irrelevant documents or documents he had not seen before.

Valeo responded on July 9, 2025, arguing that Kelly is not entitled to any discovery beyond the AR because he has failed to provide any evidence or argument of bias on the part of the Administrator or lack of due process, including how any claimed missing documents would change the Administrator's decision in this case. Valeo states that the AR filed in this case included everything in Valeo's possession with the exception of privileged communications between Valeo and its counsel. When Kelly's counsel complained the file was incomplete, Valeo asked to see

the claimed missing documents and offered to include them if they were relevant to his claim. Kelly however has failed to provide any records to Valeo, and instead brought this procedural challenge.

## II.    LEGAL STANDARD

The Sixth Circuit instructs district courts to follow a two-step process in adjudicating an ERISA benefit action:

1. As to the merits of the action, the district court should conduct a de novo review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006) (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618–19 (6th Cir. 1988)).

"Where a plaintiff has laid a factual foundation to support a claim for lack of due process or bias" at the administrative level, he has the right to limited discovery regarding the procedural challenge. *See Pearce v. Chrysler Grp., LLC Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015);

*Moore*, 458 F.3d at 430 ("The *Wilkins* panel foresaw occasions in which the procedural process of gathering all pertinent information may have broken down at the administrative level and directed the courts to permit discovery in those cases."). Examples of due process problems which could demonstrate a procedural defect include "lack of notice, inadequate explanation for a denial of benefits, and not giving an opportunity for a participant who had been denied a claim to receive a full and fair review of the denial." *Caudill v. Sears Transition Pay Plan*, 714 F. Supp. 2d 728, 737 (E.D. Mich. 2010) (Tarnow, J.) (citing *Moore*, 458 F.3d at 436). Notably, however, absent *evidence* of bias or lack of due process to support a procedural challenge, the Court's review is limited to the administrative record. *See Pearce*, 615 F. App'x at 350.

### III.  DISCUSSION

Kelly's procedural challenge broadly alleges "a lack of due process by the administrator, as well as bias against him, as evidenced by the administrative record itself." ECF No. 23, PageID.1425. Kelly contends that the AR includes documents: (1) that he has not previously seen in whole or in part; (2) that were produced to this Court with Valeo's motion to dismiss; and (3) that are irrelevant. *Id.* PageID.1425–26. Kelly further complains that documents in the AR refer to other documents that are not included in the AR and that the AR fails to include some documents Kelly provided to Valeo for use in determining his pension benefits and appeal. *Id.* In support, Kelly attaches his declaration in which he makes

6

these same allegations. ECF No. 23-1. While he lists documents in his declaration he claims should have been included in the AR, he does not attach any of the alleged missing documents, or explain how the documents (missing or previously unseen) impact Valeo's decision regarding his pension benefits or otherwise demonstrate bias or lack of due process.

First, in response to Kelly's claim of numerous "missing" documents from the AR, Valeo responds that the AR includes everything in Valeo's possession with the exception of privileged communications. Valeo asserts that it made no relevancy determinations with respect to the documents in the AR, but instead produced everything. ECF No. 26, PageID.1445. Valeo states that the AR includes communications with Kelly dating as far back as 2005, wherein he was invited to, and did, submit documents to the Plan, through December 2023. *See* AR, ECF No. 21. Valeo states that the AR documents include the calculations used to determine Kelly's benefits and records as early as 2005, in which Valeo explained that benefits elected prior to age 65 would be Deferred Vested Pension benefits subject to an actuarial reduction. ECF No. 26, PageID.1446–47, citing ARD 17, 65, 68, 79, 94, 95, ECF Nos. 21-16, 21-64, 21-67, 21-78, 21-93, 21-94. Kelly was afforded an appeal of the Administrator's pension determination, which was granted in part and which explained in detail the reasons for the benefits determination. ARD 81, ECF No. 21-80. The AR further includes responses to Kelly's

attorney's continued submissions through December 2023. ECF No. 26, PageID.1450, citing ARD 91, 93–95, ECF Nos. 21-90, 21-92–21-94.

Valeo explains in its Response that when Kelly's counsel complained that the AR was incomplete, Valeo offered to review the claimed missing documents and to include them in the AR if they were pertinent to Kelly's claim. *Id*. PageID.1446. Kelly however never provided those claimed missing documents to Valeo. *Id*. Valeo states that its offer to supplement the record still stands. *Id*. Valeo asserts, in any event, that Kelly fails to argue how any of the alleged missing documents would change the calculation of his benefits under the Plan. *Id*. PageID.1446–47.

The Court first finds that to the extent Kelly asserts that certain documents should have been included in the AR to make it "complete," then he should supply those records so that Valeo may review them for inclusion in the AR, as Valeo invited him to do. It is not clear to the Court why Kelly has failed to pursue this available remedy—which would appear to resolve Kelly's concern that the AR is incomplete. In any event, Valeo contends that many of the documents Kelly refers to in his declaration as "missing" are actually parts of lengthy email chains that are in fact already included in the AR. ECF No. 26, PageID.1451–52, citing ARD 69, 74, 79 (including emails dates 11/2/16, 11/7/16, 11/22/16, 11/23/16, 11/28/16, 12/2/16, 1/12/17, and 4/19/18)), ECF Nos. 21-68, 21-73, 21-78. If Kelly supplies the alleged missing documents to Valeo, this

can be confirmed. To the extent Valeo declines to include any documents in the AR that Kelly asserts should be included, Kelly could file a motion to supplement the record to include those documents, with a detailed explanation as to how the documents are pertinent to his benefits determination and why the documents must be included in the AR. *See Vandivier v. Corning Inc. Benefits Comm.*, No. 5:23-CV-71, 2024 WL 1197868, at *2 (E.D. Ky. Mar. 20, 2024) (noting plaintiff could have moved to supplement the record to include documents not in the administrative record).

Second, Valeo further argues that Kelly otherwise provides no evidence of bias or lack of due process to support a procedural challenge here. The requirement of due process in an ERISA claims procedure case is expressed in 29 U.S.C. § 1133, which provides that every employee benefit plan must:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Moreover, ERISA requires that a claimant be provided with access to and copies of all documents relevant to his or her claim for benefits. 29 C.F.R. § 2650.503–1(h)(2)(iii).

Valeo asserts that Kelly was invited to and did submit documents to the Plan over the years and that he was afforded a full appeal of the Administrator's benefit determination. The appeal denial set forth the specific reasons for the appeal determination in detail. ARD 81, ECF No. 21-80. Valeo asserts that it further responded to an additional submission by Kelly's counsel in 2023, ARD 93, ECF No. 21-92, and the AR includes the calculations used to determine Kelly's benefits. ARD 94, 95, ECF Nos. 21-93, 21-94. Valeo states that the AR filed in this case includes everything in Valeo's possession with the exception of privileged communications. Valeo asserts that Kelly therefore was afforded due process, and he fails to argue how the alleged missing or excluded documents affected his benefits determination. ECF No. 26, PageID.1049–50.

Kelly's procedural challenge here fails. The Court's scheduling order required a party asserting a procedural challenge to "indicate *with particularity* the nature of the procedural challenge and the presently-known factual and legal bases to assert it." ECF No. 14, PageID.263 (emphasis added). Kelly fails to provide anything more than mere general assertions of "bias" or "lack of due process." *See Pearce*, 615 F. App'x at 350 (stating that "the district court's review is limited to the

administrative record absent *evidence* to support 'a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'") (emphasis in original). Kelly offers no evidence of bias on the part of the Administrator and no facts to support a claim that discovery might lead to such evidence. And while Kelly lists various documents in his declaration that he claims were either omitted from the AR, including lengthy email chains, or improperly included, he fails address the alleged content of those documents or explain how the claimed missing documents or included documents evidence any bias on the part of the Administrator or how he has been denied due process by the Administrator. Kelly's mere, unsupported contention that the failure of the AR to include every document or communication he had with Valeo must have been because of some alleged "bias" or "due process violation" fails because Kelly offers no explanation as to how additional discovery is necessary for his benefits determination here. *See Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004) (noting plaintiff provided no evidence supporting his allegation that defendant did not permit him to develop the administrative record and no evidence that could have influenced or did influence defendant's decision to deny benefits); *Mellian v. Hartford Life & Accident Ins. Co.*, No. 14-10867, 2014 WL 7366104, at* 6 (E.D. Mich. Dec. 24, 2014) (Rosen, J.) (denying procedural challenge where "Plaintiff's request for discovery … rests solely upon mere allegations of

conflict of interest and bias, and not upon any predicate showing of procedural anomalies in Defendant's decision to deny Plaintiff's claim for benefits"); *see also Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 485 (6th Cir. 2007) ("Likas failed to provide sufficient evidence of bias—or of any procedural irregularity—to justify prehearing discovery. Likas supports his claim with conjecture, and a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case.") (citations omitted). In addition, any documents Kelly complains about that were created after the appeal determination are not relevant to the appeal determination and do not affect his due process. *See Miami Valley Hosp. v. Jones*, No. 3:20-cv-320, 2021 WL 2158020, at \*2 (S.D. Ohio May 27, 2021) (information after the appeal decision, and thus not before the administrator, was not relevant as a matter of law, because "relevant" evidence includes evidence that the administrator "'relied upon in making the benefit determination [and] submitted, considered, or generated in the course of making the benefit determination'") (citing 29 C.F.R. § 2560.503-1(m)(8)(i)–(ii)).

Finally, Kelly cites to only two cases in support of his right to a procedural challenge—*VanderKlok v. Provident Life & Accident Insurance Company*, 956 F.2d 610, 616 (6th Cir. 1992) and *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514 (6th Cir. 1998)—but neither case supports his right to discovery in this case. In *VanderKlok*, court found that the defendant violated the procedural

12

protections of ERISA because plaintiff was not provided notice of the denial of his benefits claim for almost *two years*, and the denial letter was deficient because it failed to provide "the specific reason or reasons for denial and the specific reference to the pertinent plan provisions on which the denial is based." *VanderKlok*, 956 F.2d at 613, 616. Here, Kelly does not dispute that he timely received the denial letter from the Administrator and the letter detailed the reasons for the benefits determination, including specific reference to the pertinent plan provision on which the denial was based.

And in *Killian*, the plan administrator expressly refused to consider certain information submitted by the plan participant who was seeking preauthorization for certain treatment for breast cancer, asserting that the administrative record was closed. *Killian*, 152 F.3d at 517–18. The court found that the administrator's refusal to consider the submitted information was arbitrary and capricious because the plan did not prescribe an appeal procedure for the preauthorization context, as opposed to the claims context, and thus the administrator "was not required by the plan to forestall consideration of additional information." *Id.* at 521–22. In addition, the administrator continued to review information relating to the preauthorization request even after the "deadline" for such submissions was communicated to the plaintiff. *Id.* The court held such behavior was irrational unless explained by improper financial motives. *Id.* ("[O]bviously, it is not open to a plan administrator

to curtail consideration of the information propounded by the plan beneficiary, while continuing to accumulate information that bolsters a denial decision already made."). The facts of *Killian* are not at all analogous to the facts of this case. Here the Plan prescribed the appeal procedure for Kelly's claim for increased pension benefits, he was afforded a full appeal under that procedure, and there is no evidence that the Administrator refused to consider information provided by Kelly.

For all of these reasons, Kelly's procedural challenge and request for additional discovery beyond the Administrative Record will be **DENIED**. To the extent Kelly argues he is entitled to discovery because he contends the Administrator wrongly denied him benefits, that claim is properly examined on summary judgment, and not subject to discovery.

## IV.   CONCLUSION

For the reasons stated above, Kelly's procedural challenge, ECF No. 23, is **DENIED**.

The Court will enter an amended scheduling order.

**IT IS SO ORDERED.**

Dated: November 24, 2025   /s/Terrence G. Berg
                           HON. TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

14